IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY CAMPBELL et al.,** : | CIVIL ACTION | |
| Plaintiffs : | | |
| : | | |
| v. : | | |
| : | | |
| **OXFORD ELECTRONICS, INC. et al.,** : | | |
| Defendants : | No. 07-0541 | |

MEMORANDUM AND ORDER

PRATTER, DISTRICT JUDGE                                                                                       JULY 5, 2007

This action was initially filed in the Court of Common Pleas of Philadelphia County and was removed to this Court. Plaintiffs now move to remand to the state court.

In accordance with Rule 1007 of the Pennsylvania Rules of Civil Procedure,[1] Plaintiffs commenced this action by filing a praecipe for a writ of summons on November 28, 2006. The summons and the praecipe were served on certain defendants on January 8, and on the remaining defendants on January 9, 2007.[2] On January 23, 2007, defendant Worldwide Flight Services Inc. filed in the Court of Common Pleas a Rule on Plaintiffs to file a complaint. On February 8, 2007, before Plaintiffs filed a complaint in state court, defendant Ford Motor Company removed this action here (Docket No. 1). The basis of removal was diversity of citizenship and an amount

---

[1] Under Rule 1007, an action may be commenced by filing with the prothonotary in state court either (1) a praecipe for a writ of summons or (2) a complaint. Pa. R. Civ. P. 1007.

[2] The praecipe for writ of summons included the name and mailing address for each of the parties, and identified the action as a "Product Liability/Negligence Action with the amount in controversy greater than $150,000." On the face of the praecipe, it appeared that the Plaintiffs were of diverse citizenship from all of the Defendants. The summons itself set forth the names and addresses of the parties, and gave notice that Plaintiffs have "commenced an action against you [Defendants]." The summons did not provide any indication of the nature of the claims or the amount of damages. Plaintiffs also filed and served with the summons and praecipe a document entitled "Civil Cover Sheet," which like the praecipe, listed the names and addresses of all the parties, stated that the amount in controversy was more than $150,000, and that the action was a "product liability" and "other personal injury" action.

in controversy in excess of $75,000, exclusive of interest and costs.  See 28 U.S.C. § 1332(a).  Thereafter, on February 26, 2007, defendants Oxford Electronics Inc., Worldwide Flight Services Inc., and Vinci Airports USA, Inc. each filed a notice of consent to removal, and Global Ground Support LLC and Air T, Inc. filed their consents on March 1, 2007 (Docket Nos. 3-7).  As of the date of this Memorandum and Order, to the Court's knowledge, Plaintiffs have not filed or served a complaint in this action.

In support of their motion to remand, Plaintiffs argue that the Defendants did not unanimously remove the action following service of the summons within the 30-day period required under 28 U.S.C. § 1446(b). This first paragraph of this provision provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).[3]  Plaintiffs argue that, because the Defendants were served with the summons on January 8 and 9, and the Defendants did not unanimously consent to remove this action until March 1, 2007, Defendants' notice of removal was filed outside the 30-

---

[3] The second paragraph of 28 U.S.C. § 1446(b) only applies if the initial pleading does not set forth the grounds for removal. Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d Cir. 2005).  The second paragraph provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . .

28 U.S.C. § 1446(b).

day limit.

Plaintiffs' Motion to Remand will be granted, but not for the reason that Plaintiffs espouse.

Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days after the date on which the defendant is served with an "initial pleading."  Our Court of Appeals has ruled that a summons may not serve as an "initial pleading" for purposes of 28 U.S.C. § 1446(b). Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 222 (3d Cir. 2005).[4]  The initial pleading described in § 1446(b) is a complaint, not a summons, praecipe for writ of summons, or some other document such as a Civil Cover Sheet.  See Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 354 (1999); Sikirica, 416 F.3d at 222; Polanco v. Coneqtec Universal, 474 F. Supp. 2d 735, 737 (E.D. Pa. 2007) (Bartle, C.J.).[5]

---

[4]  In adopting this view, the court of appeals followed the Supreme Court's decision in Murphy Brothers v. Michetti Pipe Stringing, 526 U.S. 344, 351 (1999).  In Murphy Brothers, the Supreme Court considered whether a complaint sent by facsimile, but not formally served on the defendant, could provide notice of removability under the first paragraph of 28 U.S.C. § 1446(b). Murphy Bros., 526 U.S. at 347-48.  The plaintiff argued the 30-day removal period started when the complaint was faxed because the statute provides that the period starts "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b) (emphasis added).  The Supreme Court rejected the plaintiff's argument, holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."  Murphy Bros., 526 U.S. at 347-48; see Sikirica, 416 F.3d at 221 (citing same).

[5] As noted above, supra note 2, the Civil Cover Sheet identified the action as sounding in product liability and personal injury.  However, it did not provide any further details about the claims. The Civil Cover Sheet is not mentioned in the Pennsylvania Rules of Civil Procedure.  It is a creature of the Local Civil Rules of the Court of Common Pleas of Philadelphia County. See Philadelphia Civ. R. 205.2(b).  Its purpose appears to be to facilitate the administration of the court's docket and possibly provide useful statistical information.  Polanco, 474 F. Supp. 2d at 736 n.1. Whatever ministerial importance a Civil Cover Sheet may have, it is not a writ of summons, praecipe, or complaint.  Id.  It cannot be used to commence an action under

Where, as here, the defendant is served with a summons but has not been served with a complaint, the 30-day period has not begun to run.  Conversely, under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within 30 days <u>after</u> the date on which the defendant is served with an "initial pleading."  Thus, removal is not proper until a complaint has been served on the defendants.  Accordingly, because Plaintiffs here have not served a complaint, Defendants' notice of removal was not too late, it was too early.  As such, Plaintiffs' Motion to Remand will be granted and this action will be remanded to the Court of Common Pleas.[6]

---

Pennsylvania law and is not deemed a pleading under Pennsylvania law.  <u>Id.</u>; see Pa. R. Civ. P. 1007 (providing that an action may be commenced by filing a praecipe for a writ of summons or a complaint); Pa. R. Civ. P. 1017(a) (providing that the pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto).

[6] In the case where a defendant is served with a summons and the complaint is filed at a later date, the 30 day period commences from the time the defendants received a copy of the complaint.  <u>Polanco</u>, 474 F. Supp. 2d at 737 (citing <u>Murphy Bros.</u>, 526 U.S. at 354).  In their motion to remand, Plaintiffs argue that the action had to be removed within 30 days after January 8 or 9, 2007, when the summons, praecipe, and Civil Cover Sheet were served.  Plaintiffs assert that at this point defendants had sufficient information to know that federal subject matter jurisdiction existed, and that they were required to unanimously remove this action within 30 days of service of the summons.

As the court of appeals' holding in <u>Sikirica</u> makes clear, Plaintiffs' arguments in this regard are misplaced.  The "initial pleading" that must be filed in order to trigger the 30-day removal window under 28 U.S.C. § 1446(b) is the complaint, notwithstanding the fact that Plaintiffs included in their praecipe a four-word description of the claims and the statement that the damages they sought exceeded $150,000.  Defendants' overly cautious invocation of removal procedures is not unusual, even though it is now unwarranted.  Indeed, Plaintiffs' counsel's own argument as to why the removal was improper demonstrates why defense counsel would have erred on the side of caution.  Previously, the law in the Third Circuit was "that § 1446(b) requires defendants to file their Notices of Removal within 30 days after receiving a writ of summons, praecipe, or complaint which in themselves provide adequate notice of federal jurisdiction . . . ." <u>Foster v. Mut. Fire, Marine & Inland Ins. Co.</u>, 986 F.2d 48, 54 (3d Cir. 1993).  Under <u>Foster</u>, the praecipe Plaintiffs served in this case arguably could have provided the Defendants with adequate notice of federal jurisdiction.  However, <u>Foster</u> is no longer the law in this circuit.  In

Finally, in the proposed order that the Plaintiffs submitted with their motion papers, Plaintiffs request that the Court order the Defendants to pay all costs associated with remanding this action to state court. Whether to award a plaintiff attorney's fees and costs incurred as a result of the removal is a matter within the discretion of the court. Landman v. Borough of Bristol, 896 F. Supp. 406, 409-10 (E.D. Pa. 1995) (citing Scheidell v. State Farm Fire & Cas. Co., No. 91-2695, 1991 U.S. Dist. LEXIS 6922, at * 3 (E.D. Pa. May 14, 1991). Awarding attorney's fees and costs is usually limited to situations where nonremovability is obvious or where a defendant did not act in good faith. Id. (citing Scheidell, 1991 U.S. Dist. LEXIS 6922, at * 3 (citations omitted). In their motion to remand and memorandum of law, Plaintiffs do not cite to any legal standard or underlying facts in this case to support their request for fees and costs.

---

Sikirica, our Court of Appeals declared that the Supreme Court had implicitly overruled Foster with its decision in Murphy Brothers. Sikirica, 416 F.3d at 223 ("We therefore hold that Murphy Bros. implicitly overruled Foster, and a writ of summons alone can no longer be the "initial pleading" that triggers the 30-day period for removal under the first paragraph of 28 U.S.C. § 1446(b)."). The court of appeals cited the Supreme Court's analysis of the legislative history of Section 1446(b), "in which Congress stated its intent to eliminate the situation wherein a defendant who has not received the complaint must decide whether to remove 'before he knows what the suit is about.'" Id. at 222 (quoting Murphy Bros., 526 U.S. at 352). The court of appeals noted that Pennsylvania rules do not require that a summons state the nature of the action and the relief sought. Id. at 222-23 (citing Pa. R. Civ. P. 1351). The model form for a general writ of summons under Pennsylvania law merely contains the plaintiff's name, the defendant's name, and notice that an action has been commenced, with the county, the date, the name of the prothonotary or clerk, and the deputy. Id. (citing Pa. R. Civ. P. 1351). The court of appeals held that this minimal information is insufficient to notify the defendant what the action is about. Id.

As noted above, the writ of summons in this case contained no information about the nature of the action; it was only the praecipe and the Civil Cover Sheet that contained any such information. The rule announced in Sikirica, holding that the complaint is the "initial pleading" for purposes of the removal statute, therefore, relieves a defendant from having to ascertain whether removal is proper based on, for example, a summons or praecipe containing a mere four-word description of the action and an assertion that the amount in controversy exceeds the federal jurisdictional minimum.

Neither of the justifications for an award of fees and costs as referenced above is present here, and, accordingly, Plaintiffs' request for attorney's fees and costs will be denied.

CONCLUSION

Upon consideration of the Plaintiffs' Motion to Remand (Docket No. 7), the Defendants' responses thereto (Docket Nos. 9, 13-14), and Plaintiffs' reply (Docket No. 12), for the reasons stated above, it is **ORDERED** that Plaintiffs' Motion for Remand (Docket No. 7) is **GRANTED**, and this action shall be remanded to the Court of Common Pleas of Philadelphia County.  Each party shall pay its own attorney's fees and costs associated with the remand.

S/Gene E.K. Pratter
Gene E.K. Pratter
United States District Judge
